No. 30,041.

THE STATE OF KANSAS, *Appellee*, v. RAY CARTER, WILL BECK and CHARLES PRUSHAFER, *Appellants*.

(3 P. 2d 487.)

Opinion filed October 10, 1931.

*F. D. Boyce,* of Minneapolis, for the appellants.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *L. A. McNalley,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Ray Carter was convicted of violating the liquor law, and appeals.

Carter, Will Beck and Charles Prushafer were jointly charged, in an information containing two counts, with possession of liquor and transportation of liquor. The three defendants were convicted under the count charging possession, and Beck was also convicted under the count charging transportation. Each defendant served notice of appeal. Prushafer abandoned his appeal, has served his sentence, and his appeal has been dismissed. The appeal of Beck has been continued.

Carter made a timely motion to quash the panel of jurors, on two grounds. One ground was that, in advance of the selection of persons to serve as jurors, the county attorney solicited township trustees to select none but those who favored the prohibitory law, and as a result, no jurors were selected except persons who were especially favorable to the prohibitory law. The other ground was that the regular panel included nine women whose names were not on the assessment roll of the preceding year. Defendant offered to support the motion by evidence, but the court ruled as follows:

"Assuming the statement to be true, the motion to quash the panel will be overruled."

There is nothing else in the abstract relating to the subject of selection of jurors, and nothing relating to the impaneling of the jury which returned the verdict.

Township trustees and mayors of cities select persons to serve as jurors for a year. On receiving the list the county clerk writes the names of the selected persons on separate slips of paper, and places the slips in the jury box. Before a term of court is held, a drawing from the box occurs, and the persons whose names are drawn constitute the regular panel for the term. Trial juries are chosen from the regular panel. If at any time a sufficient number of jurors is not present to form a jury for the trial of a case, the court may direct the sheriff to fill the panel by summoning bystanders or persons in the neighborhood. The statute prescribes general qualifications for those who may be selected for jury service and regulates the mode of selection, to the end there may be available when court meets a panel of suitable persons duly chosen to serve as jurors. A defendant charged with crime is entitled to have the trial jury made up as far as possible of members of the regular panel. The statute, however, is directory, and a defendant may not cause the panel to be quashed on any ground which does not involve corruption, serious misconduct, or palpable disregard of law. Informalities and irregularities are not enough.

The statute reads as follows:

"They [those who make jury lists] shall select from those assessed on the assessment roll of the preceding year suitable persons having the qualifications of electors, and in making such selection they shall choose only those who are not exempt from serving on juries, and who are possessed of fair character and approved integrity, and in possession of their natural faculties, and not infirm or decrepit, and who are well informed and free from legal exceptions: *Provided,* That no person shall be selected as a juror who either in person or by any other means shall solicit his selection as such; and the trustee of each township and the mayor of each city shall each select at least one person for each fifty inhabitants therein." (R. S. 43-102.)

So far as the motion to quash discloses, this statute was not infringed, except with respect to the women who were not on the tax roll. All formalities were observed. There was no corruption of jurors or design to corrupt them. Conceding but not deciding that the conduct of the county attorney and of the township trustees may be censurable as savoring of jury plugging at the source, the motion does not show that the defendant was confronted by an

objectionable panel. Strong sentiments in favor of the liquor law and its enforcement do not disqualify. Any jury panel is likely to include persons having such sentiments. To render a juror unsuitable he must be open to suspicion of bias in favor of the state or prejudice against the defendant, which would threaten normal exercise of sound judgment informed by the facts disclosed by the evidence and the law as declared by the court. That is a subject of challenge for cause. (R. S. 60-2906.) In this instance the record fails to disclose challenge for cause of any member of the trial jury.

When some jurors are improperly listed but the entire panel is not affected a motion to quash the entire panel does not lie. The court may purge the jury by discharging the individual jurors. Should the court fail to do this on its own motion, the individual jurors are subject to principal challenge. (R. S. 62-1401, 62-1406, 60-2906.) In this instance there is no showing that any woman on the regular panel was challenged, or that any woman sat on the trial jury. Indeed, there is no showing that any member of the regular panel was a member of the trial jury.

The result of the foregoing is that, so far as the record discloses, defendant was tried by a fair and honest jury, chosen according to law, and has suffered no prejudice to his substantial rights because his motion to quash the panel was denied. (R. S. 62-1718.)

There is a contention that there was no substantial evidence to support the verdict. It is not necessary to summarize the evidence. The court has considered it, and holds it was ample to sustain the verdict.

The judgment of the district court in Carter's case is affirmed.